THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENT, v. WILLIAM DENNIN, APPELLANT.

*Playing ball on Sunday — when not a violation of Penal Code — Penal Code,
secs. 259, 262, 265.*

The defendant and two other men played ball on Sunday in private grounds
with the consent of the owner thereof. They simply pitched the ball from
one to another and made no noise.

*Held*, that their playing was not prohibited by section 265 of the Penal Code,
which provides that "all shooting, hunting, fishing, playing, * * * upon
the first day of the week, and all noise disturbing the peace of the day, are
prohibited."

To constitute a violation of that section the "playing" must seriously interrupt
the repose of the community on Sunday.

APPEAL from a judgment of the Court of Sessions of Queens
county convicting the appellant of a violation of section 265 of the
Penal Cod .

*Michael J. Kelly*, for the appellant.

*John Fleming*, district attorney, for The People.

BARNARD, J.:

This case involves no disputed fact. Section 265 of the Penal
Code provides, that "all shooting, hunting, fishing, playing, horse
racing, gaming, or other public sports, exercises, pastimes or shows,
upon the first day of the week, and all noise disturbing the peace of
the day are prohibited."

Three men, the defendant being one of them, on the first day of
the week were found by a policeman playing base ball in private
grounds, with the consent of the owner; "the defendant pitched
the ball to one of the other two;" "the defendant and others did
not make any noise;" there was "nothing other than that ball
playing, which was a violation of the law."

While the words of the section prohibit all "playing" on Sun-
day, it is necessary to take into consideration two other sections of
the Code, in respect to the same subject, and which are plainly
explanatory of the meaning of this section 265, already cited.
Section 259 is as follows: "The first day of the week being by

general consent set apart for rest and religious uses, the law prohibits the doing on that day of certain acts hereinafter specified, which are serious interruptions of the repose and religious liberty of the community."

Section 262 is as follows: The following acts, as explained in the next six sections, are those forbidden to be done on the first day of the week, except in a work of necessity or charity:

*First.* Servile labor.

*Second.* Public sports and shows.

*Third.* Trades, manufactures and mechanical employments.

*Fourth.* Public traffic.

*Fifth.* Serving process.

From the three sections it is manifest that the thing done must be a serious interruption of the repose of the community on Sunday. The thing prohibited must be to a greater or lesser extent public. The proof in the present case fails to make out an offense. The grounds were private. The defendant was not even a trespasser, as his entry thereon was by permission of the owner. There was no noise. There was no assembly of persons beyond the three persons, and the offense was made up entirely by one person, the defendant, throwing the ball to another person to catch. If the third person was a party to the play of ball, throwing it would make no difference. The essential character of the crime was wanting. There was nothing done to disturb the repose of the community. That is in terms declared to be the object of the law.

The conviction should be reversed.